IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STORAGE CAP MANAGEMENT LP,** | **Case No. 2:19-cv-4328** |
| Plaintiff, | |
| v. | **Judge James L. Graham** |
| **ROBARCO, INC. AND SPARESPACE STORAGE, LLC,** | **Magistrate Judge Kimberly A. Jolson** |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction, personal jurisdiction, and failure to state a claim pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure filed by Defendants Robarco, Inc. ("Robarco") and SpareSpace Storage, LLC ("SSL").[1] (ECF No. 18.) For the reasons that follow, Defendants' motion (ECF No. 18) is **DENIED**.

**I.  BACKGROUND**

The present action is the fourth of four pending adversarial legal proceedings between the parties concerning: 1) whether there is a likelihood of confusion between Plaintiff Storage Cap Management LP's STORE SPACE trademarks and Defendant SSL's SPARESPACE STORAGE trademark and 2) which party's trademark has priority over the other.

On March 2, 2018, Robarco assigned its SPARESPACE STORAGE trademark to G4 Partners LLC ("G4"). (Hill Decl. ¶ 2, ECF No. 18-1 at 77.)  Section 2.1 of the March 2, 2018

---

[1] On May 13, 2020, Defendant Robarco, Inc. was terminated as a party to this action, and Defendant SSL is therefore the only remaining defendant in this matter. (ECF No. 45.)  In light of Plaintiff's voluntary dismissal of Robarco, Defendants' subject matter jurisdiction and failure to state a claim arguments, which pertain to Robarco, are now moot.

1

licensing agreement between G4 and Robarco granted Robarco an exclusive license to use the SPARESPACE STORAGE mark. (Buxbaum Decl. ¶ 3, ECF No. 46-1 at 374.)  After G4 purchased the SPARESPACE STORAGE mark from Robarco, G4 assigned it to Defendant SSL. (Pryor Decl. ¶ 8.)  Defendant SSL is the owner of the SPARESPACE STORAGE mark, and Robarco continues to operate its business as an exclusive licensee of the SPARESPACE STORAGE mark.

Defendant SSL is a Florida entity headquartered in Florida, and Robarco is an Ohio company located in Grove City, Ohio. (Compl. ¶¶ 3–4, ECF No. 1 at 2.)  Plaintiff Storage Cap Management LP ("Storage Cap") operates self-storage facilities across several states, including Ohio, and uses the STORE SPACE trademarks in connection with its storage-unit rental services. (Compl. ¶¶ 10–11, ECF No. 1.)

On May 30, 2018, Plaintiff filed applications to register its STORE SPACE trademarks with the United States Patent and Trademark Office ("USPTO").  On January 25, 2019, Defendant SSL filed its application to register its SPARESPACE STORAGE mark.  On June 13, 2019, Defendant SSL filed Notices of Opposition opposing registration of Storage Cap's STORE SPACE trademarks.  Defendant SSL alleges that Storage Cap's STORE SPACE marks are confusingly similar to Defendant SSL's SPARESPACE STORAGE mark.  On July 25, 2019, Plaintiff filed its Notice of Opposition opposing registration of the SPARESPACE STORAGE mark.

On September 27, 2019, Plaintiff filed this action seeking a declaratory judgment that: 1) its use of its STORE SPACE trademarks is not likely to cause confusion with the SPARESPACE STORAGE mark or Defendants, and 2) Defendants' rights to the SPARESPACE STORAGE mark (if any) are limited to a small geographic area in and around Grove City, Ohio, if Defendants, in

fact, have been using the SPARESPACE STORAGE mark in Grove City, Ohio continuously since before April 23, 2018. (ECF No. 1.)

On November 15, 2019, Defendants filed the instant motion. Plaintiff filed its response in opposition on May 13, 2020. (ECF No. 46.) Defendant SSL filed its reply on May 27, 2020. (ECF No. 48.) The motion is fully briefed and ripe for adjudication.

As Defendant Robarco was voluntarily dismissed on May 13, 2020 and Defendants' subject matter jurisdiction and failure to state a claim arguments, pertaining to Robarco, are consequently moot, the Court will only address the motion's sole remaining issue concerning whether the matter should be dismissed due to lack of personal jurisdiction over Defendant SSL pursuant to Fed. R. Civ. P. 12(b)(2).

## II.  LEGAL STANDARD

Under Rule 12(b)(2), the plaintiff bears the burden of proving personal jurisdiction. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1261–62 (6th Cir. 1996). When the district court considers a motion to dismiss pursuant to Rule 12(b)(2) before trial and without an evidentiary hearing on the merits of the motion, the plaintiff "'need only make a *prima facie* showing of jurisdiction." *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002) (internal citation omitted)). A plaintiff makes a prima facie showing by "'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Neogen Corp.,* 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987)).

In deciding a Rule 12(b)(2) jurisdictional motion to dismiss, the Court must construe the facts in the light most favorable to the plaintiff and not weigh the controverting assertions of the party seeking dismissal. *CompuServe,* 89 F.3d at 1262 (citing *Theunissen,* 935 F.2d at 1459).

### III. DISCUSSION

At issue here is whether Defendant SSL is subject to specific personal jurisdiction under Ohio's long-arm statute, and if so, whether the exercise of jurisdiction comports with due process. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012). As "Ohio's long-arm statute is not coterminous with federal constitutional limits, to establish a prima facie case of personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with Due Process." *J.M. Smucker Co. v. Promotion in Motion, Inc.,* 420 F. Supp. 3d 646, 653 (N.D. Ohio 2019) (internal quotation marks and citations omitted).

#### A. Ohio's Long-Arm Statute

Ohio's long-arm statute subjects defendants to personal jurisdiction when they are "transacting any business" in Ohio. Ohio Revised Code § 2307.382(A)(1). Plaintiff maintains that Ohio's long-arm statute is satisfied because Defendant SSL is transacting business in Ohio through its exclusive licensing agreement with Robarco, an Ohio company.

The Supreme Court of Ohio broadly interprets the "transacting any business in this state" language of Ohio Revised Code § 2307.382(A)(1). *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 638 N.E.2d 541 (1994); *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* 53 Ohio St. 3d 73, 559 N.E.2d 477 (1990). In Ohio, the phrase "transacting any business" means "to carry on business" and "to have dealings," and is "broader than the word 'contract.'" *Goldstein*, 70 Ohio St. 3d at 236 (internal quotation marks and citations omitted). "[A] person 'transacts business' in

4

Ohio if the business operations set in motion by the defendant have a 'realistic impact' on Ohio commerce." *Priess v. Fisherfolk,* 535 F. Supp. 1271, 1274 (S.D. Ohio 1982).

Through a series of trademark assignments, Defendant SSL is now the assignee of the SPARESPACE STORAGE trademark at issue in this litigation and has granted an exclusive license for its use to Robarco. Plaintiff's claim for declaratory judgment of no infringement and trademark priority concern Robarco's use of the SPARESPACE STORAGE trademark in Ohio. Therefore, the license agreement between Defendant SSL and Robarco, an Ohio company, has a realistic impact on Ohio commerce.

Moreover, through the assignment of the SPARESPACE STORAGE trademark to Defendant SSL, SSL acquired all of the legal advantages of the trademark, including priority of use. *See* 3 McCarthy on Trademarks and Unfair Competition § 18:15 (5th ed. 2020) ("All courts follow the rule that . . . after a valid assignment, the assignee acquires all of the legal advantages of the mark that the assignor enjoyed, including priority of use."). As the assignee, Defendant SSL acquired "not only all of the rights and priorities of the assignor, but also any burdens and limitations on use that were incumbent upon the assignor." *Id.* By taking assignment of the mark, Defendant SSL has stepped into the shoes of Robarco, the Ohio company. *Premier Dental Prods. Co. v. Darby Dental Supply Co.*, 794 F.2d 850, 853 (3d Cir. 1986) (determining that "following a proper assignment, the assignee steps into the shoes of the assignor"). Therefore, Defendant SSL would still be subject to personal jurisdiction in Ohio because all rights, title, and interest in the trademark that are the subject of this litigation were assigned to it.[2]

---

[2] This Court has previously determined that "the Court has personal jurisdiction over [defendant] by virtue of the fact that it now owns the marks that are the subject of this litigation." *OMS Invs. v. Regenerated Res. LLC,* No. C2-06-114, c, at *17 (S.D. Ohio Apr. 2, 2008).

After considering the facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has made a prima facie showing, with reasonable particularity, that Defendant SSL has transacted business in Ohio, thereby satisfying Ohio's long-arm statute.

**B. Due Process**

In Ohio, personal jurisdiction also requires an examination of the federal constitutional limits of due process. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996). "The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).

Specific personal jurisdiction requires a three-part analysis:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id*.

In a trademark declaratory judgment action, "the relevant inquiry for specific personal jurisdiction is "to what extent has the defendant [] purposefully directed ... [trademark] enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities.'" *J.M. Smucker Co. v. Promotion in Motion, Inc.,* 420 F. Supp. 3d 646, 658 (N.D. Ohio 2019) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324, 1332–1333 (Fed. Cir. 2008)). Thus, the exercise of personal jurisdiction in trademark declaratory judgment actions "must rest upon other activities directed at the forum and related to the cause of action." *Id.* at 656. Examples of these activities include "an exclusive

6

licensee headquartered or doing business in the forum state, where the licensor is granted "the right to exercise control over the licensee's sales or marketing activities." *Id.* at 656–57.

Here, Defendant SSL's activities directed at this forum include its ongoing relationship with Robarco, an Ohio company, that only operates in Ohio under the exclusive trademark license granted to it by Defendant SSL. Furthermore, the SSL/Robarco licensing agreement states that:

> [A]ll of the Licensed Services conducted, performed, rendered, offered for sale and sold by Licensee in connection with the Licensed Marks, and all related advertising, promotional and other related uses of the Licensed Marks by Licensee shall be in compliance with the quality control standards set by Licensor and *shall be under the control* of Licensor.

(ECF No. 46-1 at 375.) (emphasis added)

This provision of the SSL/Robarco licensing agreement grants Defendant SSL the right to exercise control over Robarco's sales and marketing. As Robarco is an Ohio company, these activities are directed at the forum and relate to Robarco's use of Defendant SSL's trademark in Ohio. The Court therefore concludes that Defendant SSL has purposefully availed itself of the privilege of acting in or causing a consequence in Ohio.

The second due process factor examines "whether the present cause of action arises from the defendant's activities in the forum state" and "requires only that the cause of action be substantially connected to the defendant's in-state activities." *OMS Invs. v. Regenerated Res. LLC,* 2008 U.S. Dist. LEXIS 26766, *19–20 (S.D. Ohio April 2, 2008) (internal citations omitted). This cause of action arises from Robarco's use of the exclusive trademark license, granted to it by Defendant SSL, in Ohio. As Defendant SSL is the owner of the SPARESPACE STORAGE mark and has the right to exercise control over Robarco's sales and marketing activities in Ohio, Defendant SSL's activities in the forum state are substantially connected to the present cause of action. The Court thus concludes that the second due process factor is satisfied.

Finally, this Court must determine whether "acts of the defendant or consequences caused by the defendant . . . have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *S. Mach. Co. v. Mohasco Indus.,* 401 F.2d 374, 381 (6th Cir. 1968). Where, as here, the first two factors have been established, "an inference of reasonableness arises and only the unusual case will not meet this third criteria." *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 554 (6th Cir. 2007) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1461 (6th Cir.1991)); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985) ("[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.")

In deciding the final due process factor, the Court considers: "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy." *Air Products and Controls*, 503 F.3d at 554–55 (6th Cir. 2007) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir.2005)).

Although it would be a burden for Defendant SSL to travel from Florida to litigate this case in Ohio, Ohio has an interest in a claim for declaratory judgment of no infringement and trademark priority concerning the use of a trademark in Ohio. Any burden on Defendant SSL in litigating this matter in Ohio does not outweigh Plaintiff's interest in obtaining relief and Ohio's interest concerning the use of a trademark within its borders. Moreover, because there is an inference of reasonableness when the first two due process factors are satisfied, and because there are no considerations put forth by Defendant SSL to overcome that inference, the exercise of personal jurisdiction over Defendant SSL is reasonable.

After considering the facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has made a prima facie showing that the Court's exercise of personal jurisdiction over Defendant SSL comports with due process and is valid. Plaintiff has therefore established with reasonable particularity sufficient contacts between Defendant SSL and the forum state to support jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 18) is **DENIED**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: December 1, 2020